## Arnowitz *v.* Cohen, Appellant.

*Negotiable instruments—Checks—Holder in due course—Fraud—Affidavit of defense—Sufficiency.*

Judgment for want of a sufficient affidavit of defense should only be entered where the right to judgment is clear.

In an action by an endorsee of a check, an affidavit of defense is sufficient which avers that the check was given to the payee as the first payment on the purchase price of land and building in process of construction; that the day following the date of the check, the payee informed the defendant that he was unable to perform, and that he would return the check to the defendant but failed to do so, and that the use of the check was fraudulent and intended to cheat the defendant.

After the payee promised to return the check in the circumstances averred, he had no title to the check which he could transfer, it was defective under Section 55 of the Act of May 16, 1901, P. L. 194, and Section 59 of the Act of 1901 imposed on the plaintiff the burden to prove that he or some person under whom he claimed, acquired the title as holder in due course.

Argued November 12, 1925. Appeal No. 284, October T., 1925, by defendant from judgment of the Municipal Court of Philadelphia, May T., 1925, No. 534, on verdict for plaintiff for want of a sufficient affidavit of defense, in the case of Louis Arnowitz v. Hyman Cohen. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit by endorsee of check against the maker. Before KNOWLES, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court..

*Martin G. Stein,* for appellant.

*Samuel W. Cooper,* and with him, *William P. Davis, Jr.,* for appellant.

OPINION BY LINN, J., December 17, 1925:

This judgment, entered for want of a sufficient affidavit of defense, cannot be sustained; such judgments should only be entered where the right to judgment is clear; in this case it is not.

The suit is on ,a check for $1230 and is brought by Louis Arnowitz whose name does not appear on the check. The check was drawn by defendant to the order of Joseph Kurlander; it is endorsed by him and by G. Arnowitz and by a bank. The statement does not identify Louis Arnowitz with G. Arnowitz. The plaintiff avers that "Kurlander endorsed the said check in the usual course of business and gave the same to the plaintiff for a full and valuable consideration, and the plaintiff is the bona fide holder of the same." In defense, failure of consideration for the check is averred; that it was given to Kurlander as the first payment on the purchase price of land and building in process of construction, and that on the day after the date of the check, Kurlander, the payee, informed defendant that he was unable to perform the building contract, and that he would return the check to defendant, but that he had never returned it in accordance with that promise to do so; that defendant immediately stopped payment; that plaintiff was not a bona fide holder; that the use of the check was fraudulent and intended to cheat defendant. The brief for appellee, and the opinion of the learned judge below, overlooked the effect of the averment of Kurlander's promise to return the check; it is an averment of a fact within defendant's knowledge; if true, as we must assume at this stage of the case, the check was then in Kurlander's custody.

Section 59 of the Negotiable Instruments Act (1901 P. L. 194, 202) provides that "Every holder is deemed,

prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course ......" Section 55 provides: "The title of a person who negotiates an instrument is defective, within the meaning of this act......when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

If Kurlander promised to return the check in the circumstances averred, he had no title to the check which he could transfer; it was defective under section 55; and section 59 imposes on plaintiff the burden "to prove that he or some person under whom he claims acquired the title as holder in due course"; for a recent discussion of the subject see Porter v. Fronheiser, 86 Pa. Superior Ct. 354 (decided July 8, 1925) and cases there cited.

The judgment is reversed and the record remitted for further proceedings.